

**Office of the Attorney General**
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY, GUAM

| | |
|---|---|
| REA MIALIZA O. PAESTE, et. al., ) | CIVIL CASE NO. 11-00008 |
| ) | |
| Plaintiffs, ) | **DEFENDANTS' OBJECTIONS TO** |
| ) | **PLAINTIFFS' PROPOSED PERMANENT** |
| vs. ) | **INJUNCTION AND FINAL JUDGMENT** |
| ) | |
| GOVERNMENT OF GUAM, et. al., ) | |
| ) | |
| Defendants. ) | |

Come Now, the Defendants, by and through the Office of the Attorney General, represented by Assistant Attorney General Kenneth Orcutt, who submit the following objections to plaintiffs' proposed Permanent Injunction and Final Judgment.

**I.     Objections to the Proposed Terms of the Permanent Injunction**

**A. Objections to Plaintiffs' paragraphs I. A. 1 through 3**

Guam does not agree that the payment of refunds within the proposed time period is reasonable. Petitioners' proposed Permanent Injunction and Final Judgment fails to address Guam's obligations to pay the $17 Million owed for tax returns already filed, including the estimated unfiled returns, and the $104.8M projected shortfall for FY2014.  (See

1
Defendant's Objections to Plaintiffs' Proposed Permanent Injunction, and Final Judgment
Paeste vs. GovGu, District Court Case No. 11-00008

Declarations of Marie Benito and Benita Manglona.) Under the current financial situation of the Government of Guam, Guam requires more than six months to pay these refunds. See Declaration of Benita Manglona. It makes no sense for this court to grant injunctive relief with which Guam cannot comply and then have Guam subjected to contempt proceedings. Nor does Guam agree that the proposed six month time period is reasonable, even if Guam were caught up on the payment of tax refunds. Guam's obligation is to follow the Internal Revenue Code as to when tax refunds are required to be paid. However, plaintiffs have failed to identify any specific provision of the Internal Revenue Code which provides such a deadline. Instead of setting a specific date by which the taxpayer is to receive a refund, the tax code requires DRT to pay the taxpayer interest on the refund amount if the refund is not made within 45 days after the claim for a refund is made or the due date for filing the return, whichever date is later. *See* 26 U.S.C. §6611. Without waiving these objections and the issues raised throughout this litigation including those issues raised in defendants' motion to dismiss and motion for summary judgment, Defendants propose the following language:

a) For any GTIT claim for refund designated "E-status" (or otherwise determined to contain an error which must be corrected before a refund can be paid), which is later amended, supplemented, or otherwise corrected such that a refund is determined to be owed, the Government of Guam shall pay the refund no later than one year after the claim for refund is designated "A" status or one year from the due date for filing the return, whichever is later in time.

b) For any GTIT claim for refund designated "S" status (or otherwise subject to audit, investigation, or some other such practice that is expressly authorized by the provisions of the Internal Revenue Code in effect on Guam), which is later designated as "A" status, the Government of Guam shall pay the refund no later than one year after the claim for refund is designated "A" status or one year from the due date for filing the return, whichever is later in time.

c) The Government of Guam shall pay Guam Territorial Income Tax Refunds for "A" status returns which have not previously been designated as "E" or "S" Status claims, within one year from the due date for filing the tax return or the date the return was filed, whichever is later in time.

2
Defendant's Objections to Plaintiffs' Proposed Permanent Injunction, and Final Judgment
Paeste vs. GovGu, District Court Case No. 11-00008

Case 1:11-cv-00008 Document 189 Filed 11/30/12 Page 2 of 5

d)  The obligation to pay tax refunds within the time periods set forth above shall expire at the end of calendar year 2014. Thereafter, the Government shall comply with payments as set forth in the IRC.

## B. Objections to Plaintiffs' paragraphs I. A. 4 through 12

4. No objection.

5. Defendants believe the court should define the dates the reports are due as being March 31, June 30, September 30 and December 31 with the first report being due no sooner than ninety (90) days from the entry of any order. Otherwise, defendants have no objection as to the form of this paragraph. At the present time, DRT's contract with the private company who provides the data necessary to compile such a report is about to end and the procurement process for a new contract is ongoing.

6. Objection. To the extent that a report is required, defendants do not object to having a DRT representative declare under penalty of perjury that the report is compiled based on the information obtained from electronically stored DRT records. No one at DRT can declare under penalty of perjury that the report is accurate as proposed by plaintiffs. DRT has a contract without a private data processing company. This private company, not DRT, compiles the data upon which the reports will be based.

7. No objection.

8. Objection. The Internal Revenue Code already allows for payment of tax refunds based upon hardship. If Guam acts within the confines of these provisions, it should not be required to seek court approval. According to the Internal Revenue Manual, IRM 5.1.12.20, 2007 WL 769978, a taxpayer may request a manual refund upon the filing of a tax return based upon "a hardship situation that necessitates a quicker refund than normal systemic

3
Defendant's Objections to Plaintiffs' Proposed Permanent Injunction, and Final Judgment
Paeste vs. GovGu, District Court Case No. 11-00008

Case 1:11-cv-00008   Document 189   Filed 11/30/12   Page 3 of 5

processing can provide." *See also* IRM § 21.4.4.2(1)(B). "Hardship for purposes of requesting a manual refund is defined as the taxpayer's inability to meet basic reasonable living expenses." Internal Revenue Manual, IRM 5.1.12.20(4). Internal Revenue Manual, IRM 5.1.12.20.1.1, 2007 WL 769980, allows the IRS in making an economic hardship determination; to "[c]onsider any information provided by the taxpayer to determine economic hardship as outlined in Treasury Regulation §301.6343-1(b)(4)(ii)". This includes a wide array of factors including medical expenses, the amount reasonably necessary for food, clothing and housing, extraordinary circumstances and any "other factors that show economic hardship". The IRM vests the authority to make a hardship determination with the Taxpayer Advocate or, if the matter can be resolved within 24 hours, IRS personnel. *See* IRM 13.1.7.4. In addition, the commissioner of the IRS has the authority to rescind a taxpayer advocate's order, including those denying a hardship request. *See* 26 U.S.C.A. §7811(c). The taxpayer advocate section of the Internal Revenue Code also provides for payment of tax refunds on an expedited basis if there is significant hardship. See Treas. Reg. §301.7811-1.

If Guam elects to chart its own course regarding payment of refunds based upon hardship, then filing a motion seeking approval to do so from the court is acceptable. Defendants disagree that the injunction should automatically allow plaintiff's to conduct discovery, or that the contents of the motion should contain the specific information listed or that the court should be limited to deciding the motion on the specific standard set forth in this paragraph. Defendants believe the court is already capable of making its own determination regarding the need for discovery or the merits of defendants' motion.

4
Defendant's Objections to Plaintiffs' Proposed Permanent Injunction, and Final Judgment
Paeste vs. GovGu, District Court Case No. 11-00008

Case 1:11-cv-00008 Document 189 Filed 11/30/12 Page 4 of 5

9. Objection. The court should retain its discretion regarding remedies, and only consider a remedy based upon the facts presented to the court at the time of the alleged violation of the injunction.

10. Objection to the last sentence as being vague and unnecessary. DRT and DOA officials are agreeable to emailing a copy of the courts' order within 15 days of receipt to DRT and DOA personnel involved in the processing and payment of Guam income tax refunds.

11. No objection.

12. No objection.

Respectfully submitted this 30th day of November, 2012.

OFFICE OF THE ATTORNEY GENERAL

By: _____
KENNETH ORCUTT
Assistant Attorney General

5
Defendant's Objections to Plaintiffs' Proposed Permanent Injunction, and Final Judgment
Paeste vs. GovGu, District Court Case No. 11-00008

Case 1:11-cv-00008 Document 189 Filed 11/30/12 Page 5 of 5